# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
03/17/2025
CT Log Number 548652221

## Service of Process Transmittal Summary

**TO:**   Serviceof Process
CVS HEALTH COMPANIES
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:**   **Process Served in California**

**FOR:**   CVS Pharmacy, Inc.  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**   Re: Nora Edit Rivas, an individual // To: CVS Pharmacy, Inc.

**CASE #:**   25CV01422

**NATURE OF ACTION:**   Employee Litigation - Wrongful Termination

**PROCESS SERVED ON:**   C T Corporation System, GLENDALE, CA

**DATE/METHOD OF SERVICE:**   By Process Server on 03/17/2025 at 12:51

**JURISDICTION SERVED:**   California

**ACTION ITEMS:**   CT will retain the current log

Image SOP

Email Notification,  Serviceof Process  service_of_process@cvs.com

Email Notification,  Amy Lawrence  cls-ctsopsupport@wolterskluwer.com

**REGISTERED AGENT CONTACT:**   C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
877-564-7529
MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Mar 17, 2025
**Server Name:**                    Jimmy Lizama

| Entity Served | CVS PHARMACY, INC. |
|---|---|
| Case Number | 25CV01422 |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>CVS Pharmacy, Inc.; A Corporation Doing Business in California; Longs Drug Stores California, L.L.C.; A Corporation Doing Business in California; and DOES 1 through 100, inclusive;<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Nora Edit Rivas, an individual; | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**2/25/2025 2:26 PM**<br>By: **Angelina Burningham, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Sonoma County Superior Court<br>3055 Cleveland Ave.<br>Santa Rosa California 95403 | **CASE NUMBER:**<br>*(Número del Caso):*   25CV01422 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Narak Mirzaie 311508       (626) 626-4422

680 E. Colorado Blvd, Suite 180   Pasadena, CA 91101

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*   2/25/2025 2:26 PM | Robert Oliver | Clerk, by<br>*(Secretario)*    _Angelina Burningham_ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:   CVS Pharmacy, Inc.; A Corporation Doing Business in California

    under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Narak Mirzaie, Esq. (SBN #311508)
M LAW ATTORNEYS, APC
680 East Colorado Blvd. Suite 180
Pasadena, CA 91101
Tel: (626)626-4422
Fax: (626)626-4420

Attorneys for Plaintiff,
Nora Edit Rivas

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
2/25/2025 2:26 PM
By: Angelina Burningham, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

| | |
|---|---|
| **Nora Edit Rivas**, an individual;<br><br>      Plaintiff,<br><br>      vs.<br><br>**CVS Pharmacy, Inc.**; A Corporation Doing Business in California; **Longs Drug Stores California, L.L.C.**; A Corporation Doing Business in California; and DOES 1 through 100, inclusive;<br><br>      Defendants. | CASE NO.    25CV01422<br><br>Demand for Jury Trial<br><br>1. **Whistle-Blower Retaliation and Wrongful Termination in Violation of California Labor Code §1102.5;**<br><br>2. **Wrongful Termination on the Basis of Taking FMLA & CFRA Leave;**<br><br>3. **Wrongful Termination in Violation of Public Policy;**<br><br>4. **Meal & Rest Break Violation;**<br><br>5. **Failure to Provide Accurate Paystubs; and**<br><br>6. **Waiting Time Penalties in Violation of Labor Codes §§201-204.** |

///
///
///

Complaint for Damages– NORA EDIT RIVAS                    Page 1 of 14

**PARTIES**

1.      Nora Edit Rivas (hereinafter "Plaintiff") is an individual who resides in the State of California.

2.      CVS Pharmacy, Inc. (hereinafter "Defendant") is a corporation doing business in California. Defendant is and/or at all times mentioned in this Complaint is a business and/or facility licensed to do business and actually is doing business in the State of California.

3.      Longs Drug Stores California, L.L.C. (hereinafter "Defendant") is a corporation doing business in California. Defendant is and/or at all times mentioned in this Complaint is a business and/or facility licensed to do business and actually is doing business in the State of California.

**JURISDICTION AND VENUE**

4.      Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

5.      Events that are the subject of this action occurred in or near Santa Rosa, California.

**DOE DEFENDANT**

6.      Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

7.      Defendant Does 1 through 100, inclusive, were always relevant herein employees or agents of the other Defendants. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will pray leave of Court to amend this Complaint to allege their true names and capacities when ascertained.

8.      Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein gave consent to or ratified and authorized the acts alleged herein to each of the

remaining defendants.

9.      Plaintiff is informed, believes, and thereon alleges that every Defendant designated herein, including all DOE Defendants, were negligently, wrongfully, carelessly, unlawfully, tortuously, or in some other actionable manner, responsible for the events and happenings herein referred to, and that their negligent and/or otherwise tortious and wrongful acts and/or omissions proximately caused, or were a substantial factor in causing, the injuries and damages to Plaintiff as are herein alleged, and that each Defendant and/or his, her, or its respective officers, directors, partners, managing directors, and/or shareholders ratified the wrongful acts and omissions of each other Defendant.

10.     Plaintiff is informed, believes, and thereon alleges that at all relevant times herein, every Defendant designated, including all DOE Defendants, was an agent, employee, joint venturer, partner, alter ego, conspirator, and/or legal representative of the remaining Defendants, and at all times mentioned herein, every Defendant designated herein, including all DOE Defendants, was acting within the time, authority, course, and scope of said agency, employment, joint venture, partnership, and/or conspiracy, and to further the objectives of the same, or as an alter ego and with the full knowledge, approval, ratification, permission, and consent of the other co-Defendants, and each of them, including the officers, directors, and managing agents of Defendants.

## EXHAUSTING ADMINISTRATIVE REMEDIES (FILING THE RIGHT TO SUE WITH THE DEPARTMENT OF FAIR HOUSING & EMPLOYMENT)

11.     On or about February 25, 2024, Plaintiff filed her right-to-sue letter with the Department of Fair Housing & Employment. (See Exhibit A)

12.     Plaintiff has exhausted all administrative remedies.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

14.     Defendants employed Plaintiff as a Pharmacy Technician from November 2023 until September 21, 2024. At the time of her termination, Plaintiff was an exemplary employee.

15.     Throughout her employment, Plaintiff witnessed multiple instances of safety violations under the supervision of her immediate supervisor, Ms. Phoebe Mollai (hereinafter "Ms. Mollai"). For instance, Plaintiff witnessed unlicensed pharmacy technicians directly handling and filling prescriptions without proper pharmacist supervision. Ms. Mollai's actions violated state laws and established protocols, which created significant risks to the health and safety of the consumers.

16.     On or about August 8, 2024, despite fearing losing her job, Plaintiff complained to the California State Board of Pharmacy about Ms. Mollai's numerous safety and protocol violations.

17.     On or about August 27, 2024, the Board of Pharmacy began investigating.

18.     During the investigation, Ms. Mollai was on vacation. Upon Ms. Mollai's return from vacation, Ms. Mollai confronted Plaintiff aggressively, demanding an answer from Plaintiff whether she complained to the Board of Pharmacy.

19.     On or about September 17, 2024, Plaintiff's grandfather experienced a medical emergency and had to be rushed to the hospital. Plaintiff informed the Staff Pharmacist, Ashley (last name unknown), that she could not work due to her grandfather's medical condition.

20.     On or about September 21, 2024, four (4) days after taking time off to take care of a loved one, Ms. Mollai and District Manager Mr. Mark (last name unknown) terminated Plaintiff via text message.

---

21.    Plaintiff believes and, on that basis, alleges that her complaint to the California Board of Pharmacy and her need to take family emergency time off were motivating factors in Defendant's termination of her employment.

22.    Finally, Defendants failed to ensure Plaintiff took timely meal and rest breaks. Since the Pharmacy was busy and/or understaffed, Plaintiff was forced to work through her breaks and/or take untimely and/or breaks without interruptions.

23.    Defendants also failed to compensate Plaintiff with earned wages upon termination. Accordingly, Plaintiff is entitled to waiting time penalties under Labor Codes §§201-204.

24.    As a result of Defendants' decision to terminate Plaintiff, Plaintiff has experienced financial loss and emotional and psychological distress.

## I. FIRST CAUSE OF ACTION
### (Whistle-Blower Retaliation and Wrongful Termination in Violation of California Labor Code §1102.5 Against All Defendants and Does 1 Through 100)

25.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

26.    At all times mentioned herein, California Labor Code § 1102.5 was in effect and binding on Defendants. California Labor Code § 1102.5 provides that an employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a person with authority over the employee where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute or a violation or noncompliance with a state or federal rule or regulation.

27.    California Labor Code § 1102.5 further provides that an employer may not retaliate against an employee for disclosing information to a person with authority over the employee where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute or a violation or noncompliance with a state or federal rule or regulation. California Labor Code § 1102.5 further provides that an employer may not retaliate against an

employee for refusing to participate in an activity that would result in a violation of state or federal statute or a violation or noncompliance with a state or federal rule or regulation.

28.    On or about August 8, 2024, Plaintiff complained to the California State Board of Pharmacy about her supervisor's violation of procedures and protocols set by the California State Board of Pharmacy.

29.    On or about August 27, 2024, the Board of Pharmacy began investigating these violations.

30.    At the time of the investigation, Plaintiff's supervisor was on vacation. However, upon her return, Plaintiff was confronted about the complaint.

31.    Shortly after the confrontation, Plaintiff's supervisor and the district manager terminated her via text message.

32.    Such actions are unlawful and retaliatory in violation of Labor Code §1102.5 and have damaged and injured the Plaintiff.

33.    The above conduct violates California Labor Code § 1102.5, entitling Plaintiff to all available categories of damages.

34.    As a proximate result of Defendants' willful, knowing, and intentional violations of Labor Code §1102.5, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

35.    Defendants' misconduct was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendant.

36.    Plaintiff is informed and believes, and based thereon alleges, that the above acts committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

1  37.    The foregoing conduct of Defendants individually, or by and through their managing

2  agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct

3  carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or

4  subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as

5  to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

6  punitive damages in an amount appropriate to punish or make an example of Defendants.

7
8  38.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. At this

9  time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave

10 of Court to amend this Complaint when the amounts are fully known.

11                          **II. SECOND CAUSE OF ACTION**

12  **(Wrongful Termination on the Basis of Taking FMLA & CFRA Leave in Violation of**

13             **FEHA Against All Defendants and Does 1 Through 100)**

14  39.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

15
16  40.    At all times mentioned herein, the CFRA, Government Code section 12900, et seq., was

17  in full force and effect and was binding on Defendant.

18  41.    Defendants' conduct, as alleged, violated FEHA, <u>Government Code section 12900, et</u>

19  <u>seq.,</u> and Defendants committed unlawful employment practices, including by the following

20  separate bases for liability:

21          a.  Interfering with, restraining, or denying the exercise of, or the attempt to exercise,
22              Plaintiff taking protected CFRA leave and/or other protected characteristics, in
23              violation of <u>Government Code section 12940(t)</u>;

24          b.  Taking adverse employment actions against Plaintiff, such as discharging,
25              barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise
                discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's
26              taking protected CFRA leave, in violation of Government Code sections
                12940(a), 12940(h), and 12945.2(l)

27          c.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA
28              and/or opposing defendant's failure to provide such rights, in whole or in part on

---

the basis of Plaintiff's taking protected CFRA leave, in violation of Government Code sections 12940(a), 12940(h), and 12945.2(l); and

    d.  Failing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2.

42.    On or about September 17, 2024, Plaintiff took the correct steps to notify the Staff Pharmacist that she would be unable to work due to her grandfather's medical emergency and critical condition.

43.    On or about September 21, 2024, shortly after taking time off, Plaintiff was terminated.

44.    Plaintiff believes, and on that basis, alleges that her FMLA and CFRA leave was a substantial motivating factor in Defendants' decision to terminate her employment.

45.    Defendants' misconduct was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendant.

46.    Plaintiff is informed and believes, and based thereon alleges, that the above acts committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

47.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

48.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of Court to amend this Complaint when the amounts are fully known.

## III. THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants and Does 1 Through 100)

49.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

50.     Defendants terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, Plaintiff's employment was terminated in part because of Plaintiff's protected status (i.e., race, color, ethnicity, and/or national origin, age, disability, and/or protected activity). These actions violated but were not limited to FEHA, the California Constitution, Government Code section 12900, et seq.

51.     For all the reasons set forth above, Plaintiff believes and alleges that her formal complaints to the California Board of Pharmacy and her need to take time off due to a family emergency were the motivating factors behind Defendant's decision to terminate Plaintiff's employment.

52.     Defendants' misconduct was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendant.

53.     Plaintiff is informed and believes, and based thereon alleges, that the above acts committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

54.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

55.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of Court to amend this Complaint when the amounts are fully known.

## IV. FOURTH CAUSE OF ACTION

### (Meal & Rest Break Violations Against All Defendants and Does 1 Through 100)

56.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

57.    Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

58.    Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

59.    Section 11(A) of the IWC Wage Orders provides that "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

60.     Section 11(B) of the <u>IWC Wage Order(s)</u> provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

61.     Section 12(B) of the <u>IWC Wage Order(s)</u> states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

62.     Defendants failed to ensure Plaintiff took timely meal and rest breaks. Since the pharmacy was busy and/or understaffed, Plaintiff was forced to work through her breaks and/or take untimely and/or breaks without interruptions.

63.     Defendants violated Labor Code § 226.7 by failing to pay one hour of Plaintiff's regular pay rate for each day rest periods were missed or were not timely. This amount is still owed and unpaid. According to proof, Plaintiff's damages will be established at the time of trial.

### V. FIFTH CAUSE OF ACTION

**(Failure to Provide Accurate Paystubs Against All Defendants and Does 1 Through 100)**

64.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

65.     Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (5) net wages earned, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee...."

66.    Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked in the payroll period and applicable rates of pay...."

67.    Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by aggrieved employees, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

68.    As a result of Defendant's failure to provide accurate wage stubs, Plaintiff is entitled to penalties and attorney's fees under labor code 226(e).

## VI. SIXTH CAUSE OF ACTION

### (Waiting Time Penalties in Violation of Labor Codes §§201-204 Against All Defendants and Does 1 Through 100)

69.    Labor Code §201 states, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. An employer who lays off a group of employees shall be deemed to have made immediate payment when the wages of said employees are paid within a reasonable time as necessary for computation and payment thereof, provided, however, that the reasonable time shall not exceed 72 hours, and further provided that payment shall be made by mail to any employee who so requests and designates a mailing address therefor."

70.    Labor Code § 203 addresses the waiting time period penalties, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of .

the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

71.    Upon termination, Defendant has failed to compensate Plaintiff with earned wages upon termination. Accordingly, Plaintiff is entitled to waiting-time penalties under Labor Codes §§201-204.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1.    For Plaintiff's economic damages;

2.    For Plaintiff's non-economic damages;

3.    For punitive damages, pursuant to Civil Code §3294 in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future, as to all Defendants;

4.    For interest, thereon at the legal rate;

5.    Penalties under applicable labor code sections;

6.    For general damages, according to proof on each cause of action for which such damages are available;

7.    For special damages, according to proof on each cause of action for which such damages are available;

8.    For prejudgment and post-judgment interest according to law;

9.    For costs of suit incurred in this action, with interest;

10.   For costs and reasonable attorney's fees as provided by law;

11.   For punitive and exemplary damages; and

12.   For such other and further relief, the Court shall deem just and proper.

///

///

///

# VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED,

M Law Attorneys, APC

Dated: February 25, 2025

By: *Narak Mirzaie*
NARAK MIRZAIE, ESQ.
Attorneys for Plaintiff,
Nora Edit Rivas

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 25, 2025

Narak Mirzaie
680 East Colorado Blvd. Suite 180
Pasadena, CA 91101

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202502-28274125
Right to Sue: Rivas / CVS Pharmacy et al.

Dear Narak Mirzaie:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

Civil Rights Department

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 25, 2025

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202502-28274125
      Right to Sue: Rivas / CVS Pharmacy et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 25, 2025

Nora Edit Rivas

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202502-28274125
Right to Sue: Rivas / CVS Pharmacy et al.

Dear Nora Edit Rivas:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 25, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**
Nora Edit Rivas

CRD No. 202502-28274125

Complainant,

vs.

CVS Pharmacy
,

Longs Drug Stores LLC
,

Respondents

---

**1.** Respondent **CVS Pharmacy** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Longs Drug Stores LLC** business as Co-Respondent(s).

**3.** Complainant **Nora Edit Rivas**, resides in the City of , State of .

**4.** Complainant alleges that on or about **September 21, 2024**, respondent took the following adverse actions:

**Complainant experienced retaliation** because complainant requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** 14.  Defendants employed Plaintiff as a Pharmacy Technician from November 2023 until September 21, 2024. At the time of her termination, Plaintiff was an exemplary employee.
15.     Throughout her employment, Plaintiff witnessed multiple instances of safety violations under the supervision of her immediate supervisor, Ms. Phoebe Mollai (hereinafter

-1-
*Complaint – CRD No. 202502-28274125*

Date Filed: February 25, 2025

CRD-ENF 80 RS (Revised 2025/02)

"Ms. Mollai"). For instance, Plaintiff witnessed unlicensed pharmacy technicians directly handling and filling prescriptions without proper pharmacist supervision. Ms. Mollai's actions violated state laws and established protocols, which created significant risks to the health and safety of the consumers.

16.     On or about August 8, 2024, despite fearing losing her job, Plaintiff complained to the California State Board of Pharmacy about Ms. Mollai's numerous safety and protocol violations.

17.     On or about August 27, 2024, the Board of Pharmacy began investigating.

18.     During the investigation, Ms. Mollai was on vacation. Upon Ms. Mollai's return from vacation, Ms. Mollai confronted Plaintiff aggressively, demanding an answer from Plaintiff whether she complained to the Board of Pharmacy.

19.     On or about September 17, 2024, Plaintiff's grandfather experienced a medical emergency and had to be rushed to the hospital. Plaintiff informed the Staff Pharmacist, Ashley (last name unknown), that she could not work due to her grandfather's medical condition.

20.     On or about September 21, 2024, four (4) days after taking time off to take care of a loved one, Ms. Mollai and District Manager Mr. Mark (last name unknown) terminated Plaintiff via text message.

21.     Plaintiff believes and, on that basis, alleges that her complaint to the California Board of Pharmacy and her need to take family emergency time off were motivating factors in Defendant's termination of her employment.

22.     Finally, Defendants failed to ensure Plaintiff took timely meal and rest breaks. Since the Pharmacy was busy and/or understaffed, Plaintiff was forced to work through her breaks and/or take untimely and/or breaks without interruptions.

23.     Defendants also failed to compensate Plaintiff with earned wages upon termination. Accordingly, Plaintiff is entitled to waiting time penalties under Labor Codes §§201-204.

24.     As a result of Defendants' decision to terminate Plaintiff, Plaintiff has experienced financial loss and emotional and psychological distress.

-2-
*Complaint – CRD No. 202502-28274125*

Date Filed: February 25, 2025

1 | VERIFICATION

2 | I, **Narak Mirzaie**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof. The matters alleged are based on
| information and belief, which I believe to be true. The matters alleged are based on
4 | information and belief, which I believe to be true.

5 | On February 25, 2025, I declare under penalty of perjury under the laws of the State
| of California that the foregoing is true and correct.
6 |

7 | **Pasadena, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-
*Complaint – CRD No. 202502-28274125*

27

Date Filed: February 25, 2025

28

CRD-ENF 80 RS (Revised 2025/02)

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Narak Mirzaie 311508<br>M Law Attorneys, APC<br>680 E. Colorado Blvd, Suite 180  Pasadena, CA 91101<br>**TELEPHONE NO.:** (626) 626-4422       **FAX NO.:** (626) 626-4420<br>**EMAIL ADDRESS:** litigation@mlawattorneys.com<br>**ATTORNEY FOR** *(Name):* Nora Edit Rivas | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**2/25/2025 2:26 PM**<br>**By: Angelina Burningham, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sonoma
**STREET ADDRESS:** 3055 Cleveland Ave.
**MAILING ADDRESS:** 3055 Cleveland Ave.
**CITY AND ZIP CODE:** Santa Rosa 95403
**BRANCH NAME:** Sonoma County Superior Court

**CASE NAME:**
Rivas v. CVS Pharmacy, Inc.; et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** 25CV01422 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)    [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **JUDGE:**<br>**DEPT.:** |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [ ] is [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action *(specify):* Six (6)
5.  This case [ ] is [x] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/25/2025

Narak Mirzaie        ▶    *N. Mirzaie*
_____      _____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition