Narak Mirzaie, Esq. (SBN #311508)
M LAW ATTORNEYS, APC
680 East Colorado Blvd. Suite 180
Pasadena, CA 91101
Tel: (626)626-4422
Fax: (626)626-4420

Attorneys for Plaintiff,
Nora Edit Rivas

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Nora Edit Rivas**, an individual;<br><br>    Plaintiff,<br><br>vs.<br><br>**CVS Pharmacy, Inc.**; A Corporation Doing Business in California; **Longs Drug Stores California, L.L.C.**; A Corporation Doing Business in California; and DOES 1 through 100, inclusive;<br><br>    Defendants. | CASE NO. 3:25-cv-3392-WHO<br><br>*Assigned to the Hon. William H. Orrick*<br><br>**DECLARATION OF NORA EDIT RIVAS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Date: July 16, 2025<br>Time: 2:00 pm<br>Crtrm.: 2<br><br>Trial Date: None Set |

## **DECLARATION OF NORA EDIT RIVAS**

I, NORA EDIT RIVAS, declare as follows:

1. The following is within my personal knowledge, with the exception of those matters that are alleged based on information and belief, as to which I believe them to be true, and if called to testify thereto, I could and would competently do so.

2. I was hired by Defendant CVS Health around November 2023 as a pharmacy technician.

3. My onboarding process was conducted via Zoom. I recalled the onboarding process to be short and rushed since I was previously employed by Defendants from 2013 until 2021.

4. I did not have the same onboarding process CVS Health provides its new hires. I did not have the one-on-one training that the new hires have during the onboarding process.

5. I do not recall the individual who conducted the onbaroding with me, nor do I remember their position with CVS Health.

6. I do not recall the documents that I was rushed to review and allegedly acknowledge. I am certain that no one reviewed the documents with me, nor explained the documents that I requested to acknowledge.

7. I did not have the opportunity to read and review any documents. At the request of the individual who onboarded me, I opened the documents and quickly reviewed them in order to complete the onboarding process. I do not recall clicking any "acknowledge" or "I agree" boxes. The timestamps on the screenshot provided in Christopher Marcel's Declaration show how little time I had to open one document and move on to the next.

8. I am also certain that no one ever explained to me what an arbitration agreement was. Moreover, I am certain that the word "arbitration" was never stated to me. In fact, I did not understand what arbitration was until it was explained to me by my attorneys in connection with

this case. I am certain no representative of Defendants has explained arbitration to me at any time during my employment with CVS Health.

    9. Given that I was rushed through the onboarding process because I had previously worked at CVS, I did not have the opportunity to review any documents or consult with an attorney regarding them.

    10. I am certain that no representative of Defendants has reviewed or discussed the arbitration Agreement with me, or told me that signing an Arbitration Agreement was optional, that my employment with CVS Health was not determined by my purported signing of the arbitration Agreement, that I could refuse to agree to the arbitration Agreement, or that there was some opt-out procedure of the arbitration Agreement.

    11. No representative of Defendants discussed with me the advantages or disadvantages of agreeing to binding arbitration, or that by signing the agreement, I was giving up my Constitutional right to a jury trial for any of my potential claims, much less any statutory rights or claims, nor was that fact explained or even told to me. No representative of Defendants explained to me that I could have revoked my agreement to arbitrate. Had I been made aware of the existence of an arbitration agreement and the option to revoke my purported agreement, I would not have rushed through the onboarding process, and/or I would have revoked any purported agreement to arbitrate.

    12. Had I known what "arbitration" was at the time, I would have at the very least inquired about this term and would have attempted to negotiate these terms or opt out of arbitration. However, I was never given the option to do this.

    13. I was not provided with a physical copy of anything I purportedly signed or

DECLARATION OF NORA EDIT RIVAS IN SUPPORT OF OPPOSITION TO COMPEL ARBITRATION

Doc ID: 956768a4d677c0ee5bec103aaaf3bc1f3be1f407

acknowledged, nor did I receive an electronic copy of the documents from the onboarding process.

I declare under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed 06 / 02 / 2025 at Santa Rosa, California.

_____
Nora Edit Rivas

- 4 -